GEORGE H. JEWELL., Appellant, v. UNEMPLOYMENT COMPENSATION COMMISSION OF THE STATE OF DELAWARE, and CHRYSLER CORPORATION, a Delaware corporation, Appellees.

(*July* 9, 1962.)

SOUTHERLAND, Chief Justice; WOLCOTT, Justice, and DUFFY, Judge, sitting.

*John M. Bader* (of Bader and Biggs) for appellant.

*Joseph H. Geoghegan* (of Berl, Potter and Anderson) for Chrysler Corporation.

Supreme Court of the State of Delaware, No. 56, 1961.

WOLCOTT, J.:

This is an appeal from a judgment of the Superior Court affirming a decision of the Unemployment Compensation Commission denying benefits to the appellant, George H. Jewell, Jr., for the reason that he refused an offer of work contrary to 19 *Del. C.* § 3315.

Jewell was employed at the Chrysler Corporation Defense Plant in Newark, Delaware. On September 23, 1960 he was laid off because of lack of work. On October 14, 1960, by certified letter addressed to Jewell at his last known address, he was instructed to report for interview to the employment office of Chrysler Corporation.

Jewell lived in Newark, Delaware, with his father. The letter instructing him to report for interview was brought by the postman to his father's home. The postman stated that he had a letter for "Mr. Jewell". The father thought that the letter was addressed to him and refused, for reasons personal to himself, to accept it. He did not know that the letter was

in fact addressed to his son. The letter was thereupon returned to its sender, Chrysler Corporation.

Jewell's father never mentioned the incident to his son and the son never learned that the letter had been sent until October 25, 1960 when he reported to the Chrysler Plant to obtain supplemental unemployment benefits. At that time he was told that, having refused an offer of work, he was not entitled to any benefits. This litigation then followed.

In *Johnston v. Chrysler Corporation*, Del., 178 A. 2d 459, we held that a letter similar to the one sent Jewell was an offer of work within the meaning of 19 Del. C. § 3315(3), and affirmed a judgment denying benefits to the claimant in that case for the refusal to report for the interview as instructed. There is, therefore, no question raised in the instant appeal as to whether or not the letter sent Jewell was in fact an offer of work. Any argument along that line is precluded by our decision in the *Johnston* case.

The sole question presented for decision in this appeal is whether or not Jewell is chargeable with having refused this offer of work under the circumstances.

The Unemployment Compensation Law is designed to minimize the economic impact of unemployment, and to permit persons unemployed through no fault of their own to receive benefits to tide them over through the period of unemployment. The law contemplates, however, that an unemployed person must be available at all times to accept suitable employment and a refusal on his part to do so will disqualify him for benefits under the law. However, a refusal to accept work, in order to disqualify a claimant must be deliberate on the part of the claimant, for he cannot be held to have refused an offer unless he has actually done so.

It is clear from the record before us that Jewell at no time became aware of the offer of work sent him until he reported

subsequently to the employment office and was told that the offer had been sent him and that he had failed to report in response to it.

The court below held that, despite Jewell's lack of actual knowledge of the offer, he was nevertheless disqualified because his employer had taken all reasonable steps to notify him, and the fact that he actually did not receive the notice was not the employer's fault.

Since, however, the law requires, in our opinion, a deliberate refusal of work by a claimant, it necessarily follows that before he rejects the offer he have actual notice that an offer of work has been made to him. We note that the statute, itself, makes no provision for the manner of transmitting an offer of work. Accordingly, a burden to some extent is upon the employer to give to the claimant actual notice of the offer.

█ Generally speaking, the law requires that notice be actually received in order to be effective for all purposes. The mere deposit in the mail of a notice is, under the general law, not sufficient to bind a person who never receives it. If the mailed notice is in fact not received, then the notification is without any legal effect. 1 *Merrill on Notice,* § 627.

The court below held that the circumstance of Jewell's father having rejected the letter was binding upon his son. The rationale of the conclusion is not clear, but it seems to have been made upon concepts of the law of agency, and upon the thought that Jewell had an affirmative duty to arrange for the receipt of his mail.

This seems clear by reason of the authorities cited in the opinion of the court below and in the appellee's brief. Thus, is cited *McCoy v. Bureau of Unemployment Compensation,* 81 Ohio App. 158, 77 N. E. 2d 76; *Welch v. Keeran,* 223 Iowa 499, 7 N. W. 2d 809; *Saffold v. Fellows,* 219 App. Div. 865, 221 N. Y. S. 197; *Plainfield Motor Co. v. Salamon,* 13 N. J. Misc. 570, 180 A. 428; *Koelsch v. Rone,* 3 Ill. 2d 483, 121

N. E. 2d 738; *Christenson Engineering Co. v. Westinghouse,* 2 Cir., 135 F. 774, and *Currie v. Gaugh,* 26 Pa. D. & C. 627. However, in all of the cited authorities the attempted service of notice was made either upon an admitted agent, or was made by mail in conformity with a statutory direction for the serving of notice.

In this appeal, however, it is clear that Jewell made no arrangement with his father for the receipt of mail. The rejection of the mailed notice was not made with his consent or knowledge. It was done for personal reasons of the father. We fail to see how, under the circumstances, absent any proof whatsoever of an agency arrangement between father and son, that Jewell can be charged with having refused an offer of work of which he admittedly knew nothing, and which, we assume, he would have accepted eagerly had he known of it.

For the foregoing reasons, the judgment of the court below is reversed.