**Michael K. EVES, Appellee,**

v.

**IOWA EMPLOYMENT SECURITY COMMISSION, Appellant.**

**No. 55790.**

Supreme Court of Iowa.

Oct. 17, 1973.

Walter F. Maley, Des Moines, for appellant.

Frank D. Tucker, Jr., Bettendorf, for appellee.

Submitted to MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

The sole issue presented by this unemployment benefits appeal is whether the appellant Iowa Employment Security Commission afforded the appellee (Eves) a "reasonable opportunity for fair hearing," as required by § 96.6(3), The Code. The district court concluded appellee was deprived of such opportunity, and we agree.

Eves filed his claim for unemployment insurance benefits asserting he was "laid

off." His last employer, W. T. Grant Company, protested payment on the grounds Eves was discharged for misconduct. A Commission claims deputy issued a Notice of Disqualification which penalized Eves four weeks' benefits for misconduct. Eves filed timely appeal to the Commission's appeal tribunal (hearing officer) pursuant to § 96.6(2), The Code. Two hearings were scheduled, but each was postponed upon request by W. T. Grant Company.

A third hearing date was fixed for June 30, 1971. The stipulated record states "statutory notices were issued." In fact, no notices are defined by statute. The statute merely commands the Commission to afford the parties "reasonable opportunity for fair hearing." Section 96.6(3), The Code. Under its rule-making power (§ 96.11(1), The Code) the Commission has laid down the notice procedure in Rule 4.1(1)(b), I.D.R. 1971:

> "Upon the scheduling of a hearing on an appeal, notices of hearings shall be mailed to all parties interested in the decision of the deputy which is being appealed at least seven days before the date of hearing, specifying the place and time of hearing. * * *"

On June 30, 1971, neither Eves nor the ex-employer appeared. The factual statement in Commission's brief relates:

> "It is undisputed that Michael K. Eves did not attend the hearing scheduled for June 30, 1971, because he was on vacation and absent from his home from June 21, 1971, until June 30, 1971, when he returned and found the notice of hearing."

The hearing officer's decision affirmed the disqualification imposed by the claims deputy. Eves again timely appealed to the Commission, alleging he had not received notice of hearing. Eves' attorney later sent a letter to the Commission in lieu of a personal appearance, requesting that a hearing be reset before a hearing officer on the ground insufficient notice was given of the June 30th hearing. He claimed his client was deprived of his rights without due process; and because he had no opportunity to present evidence, a fair and just determination could not be obtained.

Without reference to the issues thus raised, the Commission simply affirmed the hearing officer's decision.

Eves appealed to the district court as permitted by § 96.6(9), The Code. After hearing, the court concluded Eves had not been afforded reasonable opportunity for hearing, found Commission's decision was therefore without jurisdiction, and remanded the cause to the agency for hearing on the merits, with instruction to give Eves "notice of said hearing in such a manner as to afford him a reasonable opportunity to appear and be heard." See § 96.6(11), The Code.

Appealing here, the Commission asserts it acquired jurisdiction to decide the administrative appeal upon complying with its seven-day, ordinary-mail notice rule, even though notice was not received by Eves in time to attend the hearing. Evidencing a premature reaction to an assumed threat to its right to prescribe mailed notice, the Commission devotes much of its brief arguing the constitutionality of such process. There is nothing in the district court's holding to justify those fears. Its decision merely tests the facts of notice in this cause against the statutory direction referred to above.

I. If this controversy involved a factual dispute, we would be guided by the principle that fact findings of the Commission are binding upon appeal courts when supported by substantial and competent evidence. Section 96.6(9), The Code; Wilson Trailer Co. v. Iowa Employment Sec. Com'n, 168 N.W.2d 771 (Iowa 1969). But the issue here is one of law, and is determinable by the judiciary alone. Iowa Malleable Iron Co. v. Iowa Employ. Sec. Com'n, 195 N.W.2d 714 (Iowa 1972). Un-

der § 96.6(10)(a), The Code, a Commission decision may be modified, reversed or set aside if the Commission has acted without or in excess of its powers.

We cannot abdicate our duty to interpret statutory requirements in a proper case, nor in performing that function can this court be bound by agency rules or constructions. Administrative rules seek to implement statutes but it is for the courts to finally interpret them. Michigan-Wisconsin Pipe Line Co. v. Johnson, 247 Iowa 583, 73 N.W.2d 820 (1955). Rules cannot be adopted that are at variance with statutory provisions, or that amend or nullify legislative intent. Bruce Motor Freight v. Lauterbach, 247 Iowa 956, 77 N.W.2d 613 (1956); City of Ames v. State Tax Commission, 246 Iowa 1016, 71 N.W.2d 15 (1955). Administrative rules must be reasonable and used for the purpose of carrying out legislative enactments. An administrative body may not make law or change the legal meaning of the common law or statutes. Eastern Iowa Light & P. Co-op. v. Interstate Power Co., 164 N.W.2d 135 (Iowa 1969); Holland v. State, 253 Iowa 1006, 115 N.W.2d 161 (1962).

We must necessarily examine for the first time the procedural aspects of a legislative requirement that parties be given "reasonable opportunity for fair hearing." Without question, this administrative hearing determined important rights of the parties through findings of fact and application of statutory criteria. The proceeding was quasi-judicial in character. United States v. McCrillis, 200 F.2d 884 (1 Cir. 1952). This being true, notice was mandatory. See Gilchrist v. Bierring, 234 Iowa 899, 14 N.W.2d 724 (1944).

Atlhough we are not required here to pass on the sufficiency of this notice under constitutional due process, decisions in this area are helpful. State v. Civil Service Board, 226 Minn. 240, 32 N.W.2d 574 (1948). This is particularly true in construing the pertinent language of § 96.-6(3), The Code, which capsulates the es-

sence of minimum due process. Thus it may be a distinction without a difference to say we interpret a statutory requirement, not a due process requirement.

In any event, we have held a right to a hearing in a particular instance necessarily means such hearing must be accorded with all its necessary elements, including a reasonable notice. See Buchholz v. Board of Adjustment of Bremer County, 199 N.W. 2d 73 (Iowa 1972); Koelling v. Board of Trustees of Mary F. Skiff M. H., 259 Iowa 1185, 146 N.W.2d 284 (1966); 2 Am.Jur.2d, Administrative Law § 360, pp. 172–174, § 398, pp. 203–204; 1 F. Cooper, State Administrative Law 273 (1965). Clearly, in this instance "reasonable opportunity" must include reasonable notice.

What will be deemed a reasonable notice depends in large part on the nature of the case, and the practical factors involved. 1 F. Cooper, State Administrative Law 277 (1965).

II. The determination of this cause does not require us to strike down for all situations the Commission's ruling prescribing seven days' notice by ordinary mail. Parenthetically we observe, however, the Commission's rule has been in force since at least 1952. Such limited time of notice is of dubious validity when the recent and continuing breakdown in United States mail deliveries assumes proportions of a national disaster. This problem was touched on in Goldberg v. Kelly, 397 U.S. 254, 268, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287, 299 (1970), where the court spoke of a notice of termination of welfare benefits:

"We are not prepared to say that the seven-day notice currently provided by New York City is constitutionally insufficient *per se,* although *there may be cases where fairness would require that a longer time be given.*" (Emphasis supplied.)

In the Goldberg case, the welfare recipient was afforded notice by both the seven-day

letter and a personal conference with a caseworker.

 · III. The Commission's contention, in the absence of statutory foundation, that jurisdiction was acquired at the time notice by ordinary mail was sent, cannot be adopted. We believe in this situation the general rule expressed at 66 C.J.S. Notice § 18(e), pp. 662–668 at 663–664 applies:

> "In the absence of custom, statute, estoppel, or express contract stipulation, when a notice, affecting a right, is sought to be served by mail, the service is not effected until the notice comes into the hands of the one to be served, and he acquires knowledge of its contents, except perhaps in those cases where the party to be notified resorts to some trick or artifice to avoid personal communication to him."

This rule is supported by a number of footnoted cases, and either directly or inferentially by North v. Kinney, 231 Iowa 951, 2 N.W.2d 407 (1942); School District No. 6 of Pima County v. Barber, 85 Ariz. 95, 332 P.2d 496 (1958); Jewell v. Unemployment Compensation Commission, 55 Del. 16, 183 A.2d 585 (1962); State v. Alkire, 79 Idaho 334, 317 P.2d 341 (1957); Johnson v. Barreiro, 59 Cal.App.2d 213, 138 P.2d 746 (1943); 58 Am.Jur.2d, Notice § 27, pp. 507–508.

In this case, coupled with the questionable notice time, there is the conceded fact the notice was not received by Eves. In these circumstances, we hold he was not afforded a reasonable opportunity for a fair hearing. See Miami Dolphins, Ltd. v. Florida Dept. of Commerce, 252 So.2d 396 (Fla.App.1971).

In so concluding we leave intact the long-established presumption of receipt of a mailed notice properly addressed and otherwise conforming to postal laws and regulations concerning postage. See Reserve Insurance Company v. Johnson, 260 Iowa 740, 150 N.W.2d 632 (1967); Selken v. Northland Insurance Company, 249 Iowa 1046, 90 N.W.2d 29 (1958); Roshek Realty Company v. Roshek Brothers Company, 249 Iowa 349, 87 N.W.2d 8 (1957). That presumption is plainly inoperative to confer jurisdiction when the parties concede notice was not received in time to be of any benefit to the addressee.

The Commission in this instance acted in excess of its statutory powers. District court's remand of the cause to the Commission with instructions to afford Eves opportunity for fair hearing upon proper notice was correct.

Affirmed.