Elvin L. SMITH, Appellant,

v.

**IOWA EMPLOYMENT SECURITY COMMISSION and Capital City Mills, Appellees.**

**No. 247.**

Supreme Court of Iowa.

Nov. 13, 1973.

Naomi S. Mercer and James F. Fowler, Des Moines, for appellant.

Walter F. Maley, Des Moines, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

LeGRAND, Justice.

This appeal presents only one question —the sufficiency of notice given plaintiff under section 96.6(2), The Code. The precise issue before us has not been heretofore considered, and this is a matter of first impression. The trial court held the notice sufficient. We reverse. Unless otherwise noted, all statutory references are to the 1966 Code.

On April 2, 1971, one of the Commission's deputies (who are now called representatives) ruled plaintiff had left his employment voluntarily and was therefore disqualified from receiving benefits under the Iowa Employment Security Law. The Commission asserts a notice of disqualification was mailed to plaintiff on that same date at his last known address, advising him both of the disqualification and of the time within which an appeal was permitted. The present controversy centers around that notice and the plaintiff's subsequent attempted appeal as permitted by sections 96.6(2) and 96.6(3), The Code.

Section 96.6(2) provides in part as follows:

"The deputy shall promptly notify the claimant and any other interested party of the decision and the reasons therefor. Unless the claimant or other interested party, within five calendar days after the delivery of such notification, or within seven calender days after such notification was mailed to his last known address, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith."

We accept for present purposes the Commission's argument that the five-day delivery provision applies only to notices served personally on a claimant by a Commission representative. We are concerned here only with the alternative method of notification by mail, which directs that an appeal must be taken "within seven calendar days after such notification was mailed to [claimant's] last known address."

■ We agree with the trial court there is substantial support for the deputy's conclusion that this statutory provision was complied with and is therefore binding on us as a finding of fact. Section 96.6(10), The Code; Iowa Malleable Iron Co. v. Iowa Employment Security Commission, 195 N.W.2d 714, 717 (Iowa 1972).

This alone, however, does not dispose of plaintiff's appeal. He raises also a constitutional issue, alleging the statute deprives him of due process under both the 5th and 14th Amendments to the federal constitution and presumably section 9, article I of the Iowa constitution. This poses a legal question which we must review and decide.

The difficulty of framing an all-inclusive definition of due process has long been recognized. 16 Am.Jur.2d, Constitutional Law, page 936 (1964); 16A C.J.S. Constitutional Law § 567, pages 536–541 (1956). This trouble arises from the very dilemma which confronts us now—what may be constitutionally permissible under some circumstances becomes patently unfair and intolerable under others.

It has been said that "due process is an elusive concept [whose] exact boundaries are undefinable and [whose] content varies according to specific factual contexts." (16 Am.Jur.2d, supra, at pages 937, 938.) It has also been held that due process "is not susceptible of exact or comprehensive definition. Its meaning has been developed in the cases by a process of judicial inclusion and exclusion." (16A C.J.S., supra, at page 536.)

■ It is clear, however, that when a hearing is afforded due process demands contestants be given notice thereof sufficient to permit a reasonable opportunity to appear and assert their rights. 16 Am. Jur.2d, Constitutional Law, pages 966–969; 16A C.J.S. Constitutional Law § 628, pages 861–867; Eves v. Iowa Employment Security Commission, Iowa, 211 N.W.2d 324, filed October 17, 1973, and authorities there cited; cf. Davis, Administrative Law (one volume edition) pages 162–164 (1972).

■ Our Iowa Employment Security Law was enacted in 1936 for the avowed purpose of minimizing the crushing burden of involuntary unemployment which so often falls upon the unfortunate worker and his family. Section 96.2, The Code; Iowa

Malleable Iron Co. v. Iowa Employment Security Commission, supra, 195 N.W.2d at 716. Clearly the chapter should be interpreted liberally to achieve that legislative goal whenever possible.

The notice provisions of section 96.6(2) remain as they appeared in the original act. Until now that section has not been subjected to constitutional attack; and until lately it is doubtful if such an assault would have been considered valid. However, we have recently taken judicial notice of the "continuing breakdown in United States mail deliveries [assuming] proportions of national disaster." Eves v. Iowa Employment Security Commission, Iowa, 211 N.W.2d 324, filed October 17, 1973. For discussion of a somewhat related problem, see Miami Dolphins, Ltd. v. Florida Dept. of Commerce, Fla.App.1971, 252 So. 2d 396.

■ Our task now is to apply the notice provisions of section 96.6(2) to the facts before us in the light of present day conditions. We assume the statute is not unconstitutional on its face; we assume too it did not operate unconstitutionally when enacted. However, we hold the intent and purpose of the notice provisions of section 96.6(2) fail now because of circumstances beyond the control of any interested party —the Commission, the employer, or the claimant.

A reading of the statute discloses the legislature intended a claimant to have five days to appeal from an adverse decision rendered under section 96.6(2). In case of notice delivered to him personally, he is given five days to take an appeal. If it is mailed, he is allowed seven days from the day of mailing to do so. Clearly this was on the theory—reasonable then—that the notice would arrive in due course within two days of mailing. We do not believe the legislature contemplated a day would come when failure to effect delivery of mail in that period, even to nearby cities, would be commonplace.

Our holding in the Eves case is significant here, even though we considered there a departmental rule rather than a statute. Nevertheless our conclusion in Eves that a right to a hearing necessarily means a *meaningful* one with a real opportunity to appear and present one's case is persuasive in reviewing plaintiff's plight in the present appeal. His application for benefits was denied. Notice to that effect was mailed as required by statute. It reached him *four* days later, allowing only three days within which to seek out an attorney, advise himself of his rights, and decide if an appeal was advisable. Of course, all this *could* be done in three days; but is it reasonable to require it to be accomplished in that period, particularly in view of the provisions of the statute already referred to?

The statute at best affords an abbreviated appeal period from this administrative holding. The time allowed is considerably longer in most cases. See Bezanson, Judicial Review of Administrative Action in Iowa, 21 Drake Law R. 1, appendix A, pages 54–57 (1971). When such a limited opportunity is further reduced by circumstances beyond anyone's control, an unsuccessful claimant is given little chance to take effective action to pursue his rights.

■ We do not gainsay the right of the legislature to prescribe notice such as it did in section 96.6(2); nor do we presume to limit its prerogative of determining the length of such notice, assuming it does not offend against basic rules of fairness. We recognize, too, that notice may be constitutionally sufficient even though not received. 16 Am.Jur.2d, Constitutional Law, page 965 (1964). But the notice provided for must at least be one which is reasonably calculated to accomplish its purpose. We hold that a review of the statutory plan and purpose in this case leads to the inevitable conclusion that under present day conditions the provisions of the statute as to notice by mailing operated to deprive

plaintiff of the due process he is entitled to and which the legislature intended him to have.

We have said a statute admittedly valid and constitutional on its face may operate unconstitutionally under given facts. We did so most recently in Walker v. Johnson County, 209 N.W.2d 137, 140 (Iowa 1973). See also 16 Am.Jur.2d, Constitutional Law, pages 355, 356 (1964). We believe the same rule is applicable here. We emphasize we are dealing with a factual situation in which the parties—both the Commission and the plaintiff—acted with diligence and dispatch. Nevertheless conditions which neither could control robbed plaintiff of his right *anywhere* or *anytime* to dispute the factual determination by which the Commission denied him benefits under the Iowa Employment Security Law.

We say this was a denial of due process and we reverse with instructions that he have the appeal hearing provided for in sections 96.6(2) and 96.6(3), The Code.

Reversed and remanded.