**J. C. WHITE, Appellant,**

v.

**RCA SERVICE COMPANY, a Division of RCA Corporation, Appellee.**

**No. 2–56444.**

Supreme Court of Iowa.

Oct. 15, 1975.

Robert E. Dreher and James L. Sayre, Des Moines, for appellant.

Robert F. Holz, Jr., Des Moines, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Plaintiff lessor appeals from adverse judgment in action seeking to eject defendant lessee from leased premises. The sole issue is whether defendant complied with notice provisions of an option to renew the lease.

The facts are not in dispute and may be stated as follows.

In February 1966, plaintiff J. C. White and defendant RCA Service Company executed a lease of certain described property owned by White at the southeast corner of Hickman Road and 23rd Street in Des Moines. The period of the lease ran from August 1, 1966, through July 31, 1971, with an option to renew by the lessee for an additional five years at the same monthly rent.

The paragraphs of the lease relevant to this appeal are:

"FIFTEENTH: Tenant shall have the right to extend the term of this lease for a period beginning August 1, 1971 and ending July 31, 1976, by giving written notice to that effect to the Landlord on or before February 1, 1971.

"SIXTEENTH: All notices, demands and requests which may be or are required to be given by either party to the other shall be in writing and served on the Landlord or Tenant by mailing the same by certified mail to the appropriate party at its address herein above set forth or at such other address as may be designated in writing by the Landlord or Tenant."

On Thursday, January 28, 1971 RCA prepared a letter to White informing him of its election to extend the lease for an additional five years. That signed letter was deposited in the mail, properly addressed, and postage prepaid in Camden, New Jersey on Friday, January 29, 1971. Such mailing is shown by the postal department's stamp on the envelope. White did not receive the letter in Des Moines until Thursday, February 4, 1971.

White's action for possession of the leased premises was on the ground the lease had expired. As an affirmative defense RCA alleged it had exercised its option and the lease was continued for a second five-year period.

■ As RCA concedes, in an option contract or lease, time is of the essence and the burden is on the lessee to show it has properly exercised the option. *Hunter Investment v. Divine Engineering,* 248 Iowa 1109, 1120, 83 N.W.2d 921, 927.

■ RCA's contention, with which the trial court agreed, is that the option was exercised upon mailing the letter on January 29, 1971. White asserts the words "notice" and "served" as used in the above

quoted paragraphs require actual receipt of the letter by him.

Regarding notice by mail, we say in *Eves v. Iowa Employment Security Commission,* Iowa, 211 N.W.2d 324, 327:

"* * *. We believe in this situation the general rule expressed at 66 C.J.S. Notice § 18e, pp. 662–668 at 663–664 applies:

"'In the absence of custom, statute, estoppel, or express contract stipulation, when a notice, affecting a right, is sought to be served by mail, the service is not effected until the notice comes into the hands of the one to be served, and he acquires knowledge of its contents, except perhaps in those cases where the party to be notified resorts to some trick or artifice to avoid personal communication to him.'

"This rule is supported by a number of footnoted cases, and either directly or inferentially by *North v. Kinney,* 231 Iowa 951, 2 N.W.2d 407 (1942); *School District No. 6 of Pima County v. Barber,* 85 Ariz. 95, 332 P.2d 496 (1958); *Jewell v. Unemployment Compensation Commission,* 55 Del. 16, 183 A.2d 585 (1962); *State v. Alkire,* 79 Idaho 334, 317 P.2d 341 (1957); *Johnson v. Barreiro,* 59 Cal. App.2d 213, 138 P.2d 746 (1943); 58 Am. Jur.2d, Notice § 27, pp. 507–508."

We are for the first time faced with the rights of parties under an express contract stipulating notice by mailing.

We are not in the area of the law involving sufficient notice by mail when interpretation of a statute, cancellation of insurance contracts or public policy must be considered. Therefore the holdings in the cited cases of *Eves v. Iowa Employment Security Commission,* Iowa, 211 N.W.2d 324 and *Farmers Insurance Group v. Merryweather,* Iowa, 214 N.W.2d 184 are not controlling.

"The nature of notice required by contract depends, of course, upon the provisions of the contract. In the absence of a conflict with law or public policy, it is competent for parties to contract as to how notice shall be given and, when they do so contract, the giving of a notice by a method contracted for is sufficient whether it results in actual notice or not. * * *." 58 Am.Jur.2nd, Notice, section 24, page 505.

No evidence was submitted contending any word in paragraphs 15 and 16 was to be given any interpretation other than the usual and customary meaning. Therefore the parties' intent must be determined by what the lease itself says. Rule 344(f)(14), Iowa Rules of Civil Procedure.

Like the trial court, we find paragraphs 15 and 16 are clear and unambiguous. The parties designated the mails as the manner in which notice was to be given.

We hold notice by RCA of its exercise of the option for the second five-year period was complete upon placing its letter in the mail on January 29, 1971.

Our conclusion is supported by the following cases from other jurisdictions.

In *Kamenoff v. Meadows,* Tex.C.Civ.A., 457 S.W.2d 574, lessee notified lessor of intent to renew in writing by mailing notice to the home address of lessor. The court held depositing registered letter in mail box complied with the terms of the lease and the exercise of renewal option became effective at time of mailing. See also *Pruett Jewelers, Inc. v. J. Weingarten, Inc.,* Tex.C. Civ.A., 426 S.W.2d 902 at 905.

In *Vaughan v. General Outdoor Advertising Co.,* Ky., 352 S.W.2d 562, the lease required notice be sent to lessor at a specific address. Notice was mailed before deadline date but never received by lessor. The court held timely mailing of notice "sufficiently complied with the renewal requirement of its lease." 352 S.W.2d 562 at page 565.

In *Hill v. Gulf Oil Corporation,* 200 Va. 287, 105 S.E.2d 625, lessor gave lessee an

option to purchase premises upon written notice to be mailed to lessor by lessee not later than December 14, 1956. At page 627, the court stated: "[I]t clearly appears that the parties agreed that a notice properly mailed was to be effective."

See also Annot., 51 A.L.R.2d 1404, section 5, pages 1413–1416; 50 Am.Jur.2d, Landlord and Tenant, section 1185, page 72.

We have considered White's several contentions and find no ground for reversal. The judgment of the trial court is affirmed.

Affirmed.