CLARENCE L. PARSON, APPELLEE, V. GERALD E. CHIZEK, COMMISSIONER OF LABOR, STATE OF NEBRASKA, APPELLANT, IMPLEADED WITH MILLARD SCHOOL DISTRICT, SCHOOL DISTRICT NO. 17, DOUGLAS COUNTY, NEBRASKA, APPELLEE.

272 N. W. 2d 48

Filed November 29, 1978. No. 41995.

James R. Jones and John W. Wynkoop, for appellant.

Glenn H. Stevens of the Legal Aid Society, for appellee Parson.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

CLINTON, J.

This is an appeal from an order of the District Court for Douglas County which reversed a decision of the Nebraska Appeal Tribunal, Department of La-

bor, State of Nebraska, entered on October 8, 1976. The Nebraska Appeal Tribunal had dismissed the appeal of the plaintiff Parson from a deputy's determination that the plaintiff was not currently entitled to unemployment compensation. See § 48-630 et seq., R. R. S. 1943. The sole issue on this appeal is whether the plaintiff-claimant gave timely notice of appeal from the deputy's determination. The resolution of that issue depends upon the validity of Benefit Regulation No. 8, promulgated by the Commissioner of Labor, which prescribes the time and manner of giving notice of appeal. We affirm.

Section 48-634, R. R. S. 1943, provides the statutory authority for appeal from determinations of the deputy. It states in part: "The claimant or any other party entitled to notice of a determination as herein provided, may file an appeal from such determination with an appeal tribunal within ten days after the date of mailing of the notice to his last-known address, or, if such notice is not mailed, within seven days after the date of delivery of such notice." The notice referred to in this section is the notice of determination by the deputy which is mandated by section 48-632, R. R. S. 1943. The latter provides in part: "Notice of a determination upon a claim shall be promptly given to the claimant by delivery thereof or by mailing such notice to his last-known address."

The Commissioner of Labor is charged with administering the employment security law and, to accomplish that purpose, is given authority to adopt, amend, and rescind rules and regulations ". . . if the same are consistent with the provisions of [the Employment Security Law]." § 48-606, R. R. S. 1943. See §§ 48-601 to 48-669, R. R. S. 1943. Accordingly, as section 48-634, R. R. S. 1943, prescribes the time for appeal, but does not prescribe the manner, the manner of filing an appeal is provided for by the regulation in question.

Benefit Regulation No. 8 provides: "Presentation of Appealed Claims. (a) The party appealing from a determination or redetermination of the deputy shall file with the Commissioner, any local employment office, or at the central office of the Division of Employment, Lincoln, Nebraska, a notice of appeal, either on a form prescribed by the Commissioner setting forth the grounds upon which the appeal is sought and other information which may be required thereby, or by letter expressing a desire to appeal. Such notice or letter must be received in one of said places within seven calendar days after delivery of the notice of the determination or redetermination by the deputy or within ten calendar days after notification was mailed to his last known address."

It is to be observed that notice of the determination may be given to the claimant by mail and that, in such case, the claimant's appeal time begins to run from the date of the mailing of the notice and not from the date of its receipt. Benefit Regulation No. 8 is consistent with the statute in that, if notice of determination is given by mail, claimant's time for appeal begins to run with the mailing and not from time of receipt. However, under Benefit Regulation No. 8, the mailing of the notice by the claimant within the 10-day period is not sufficient to give notice to the Department of Labor; actual receipt of the notice in one of the specified offices of the Department of Labor within the 10-day period is necessary.

The evidence shows that the claimant deposited his notice of appeal in an official U. S. mail receptacle on Friday, October 1, 1976. The notice was in a properly addressed envelope with sufficient postage attached and was mailed at an hour which would permit pickup by the postal service on that day. This was on the 9th day after the mailing of the deputy's determination and 6 days after its receipt by the claimant. The notice of appeal was

mailed in Omaha and addressed to a local employment office of the Department of Labor as permitted by law; however, it was apparently not received by the office until Tuesday, October 5. Had it been received on Monday, October 4, it would, even under the regulation, have been timely filed since Saturday and Sunday must be excluded from the 10-day computation. §§ 25-2221 and 49-1203, R. R. S. 1943.

The arguments of the parties, reduced to their essence, may be briefly stated. The commissioner asserts that, since he is granted rule-making power, interpreting the statutory word "filed" to require actual receipt, as recited in Benefit Regulation No. 8, is not unreasonable since the statute does not specifically cover the matter. Therefore, since claimant's letter was not actually received within the 10-day period, the appeal was untimely. The claimant argues, since the statute provides that the mailing of the notice of determination by the commissioner begins the running of the appeal period — that is, the counting of days begins on the day following mailing irrespective of the time of receipt — it follows that the mailing of the notice by the claimant within the 10-day period conforms to the general statutory pattern and should be sufficient. He argues that the regulation is unreasonable and void and it deprives him of due process.

The statutes we have cited contemplate filing the notice of appeal by using United States mail but do not specifically provide when service or filing is complete. The procedural aspects of the statute ought to be liberally construed in order to accomplish the beneficent purposes of the Employment Security Law. Smith v. Iowa Employment Security Commission, 212 N. W. 2d 471 (Iowa). Thus, for reasons hereafter set forth, we hold that the portion of Benefit Regulation No. 8 requiring timely receipt of a mailed notice of appeal in one of the enumerated offices, for the notice to be effective, is invalid.

First: Section 48-634, R. R. S. 1943, establishes a statutory policy which should cut both ways. The deposit in the United States mail by the Commissioner of Labor of the notice of the deputy's determination begins the 10-day appeal period. The period does not begin with receipt of the mailed notice by the claimant. Thus, in the absence of a definitive statutory requirement, deposit in the mail by the claimant of the notice of appeal, properly addressed with sufficient postage attached, within the 10-day appeal period, ought to be construed as filing within the period. Section 48-606, R. R. S. 1943, provides that rules and regulations of the commissioner must not be inconsistent with the provisions of the Employment Security Law. Benefit Regulation No. 8 is, in the respect indicated, inconsistent with the pattern of section 48-634, R. R. S. 1943.

Second: The Legislature has, since the enactment of the Employment Security Law, established a public policy which ought to prevail in the absence of a specific statutory provision. Section 49-1201, R. R. S. 1943, says in part: "Any . . . statement . . . authorized to be filed or made to the State of Nebraska . . . which is: (1) Transmitted through the United States mail; (2) mailed but not received by the state or political subdivision; or (3) received and the cancellation mark is illegible, erroneous, or omitted shall be deemed filed or made and received on the date it was mailed if the sender establishes by competent evidence that the . . . statement . . . was deposited in the United States mail on or before the date for filing . . . ." Although this statute may not be literally applicable, it is clearly indicative of legislatively approved public policy.

Third: Respectable precedent from other jurisdictions supports the interpretation of the statute we here give. See Smith v. Iowa Employment Security Commission, *supra*. State v. Peck, 158 Ohio St. 122, 107 N. E. 2d 145, seems directly on point. There the

Supreme Court of Ohio held that, where notices were authorized to be filed by United States mail, such notices were deemed filed when properly deposited in the mail. Griffin v. Board of County Commissioners, 20 S. Dak. 142, 104 N. W. 1117, also follows this view.

The judgment is affirmed and the cause is remanded with directions that the Nebraska Appeal Tribunal hear the claimant's appeal on the merits.

AFFIRMED.