A. L. BEARDSLEE, Appellee,

v.

IOWA DEPARTMENT OF JOB SERVICES, Appellant.

No. 62103.

Supreme Court of Iowa.

March 21, 1979.

Walter J. Maley and Blair H. Dewey, Des Moines, for appellant.

J. Michael O'Donnell of Pillers, Pillers & Pillers, Clinton, for appellee.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN and LARSON, JJ.

LARSON, Justice.

Iowa Department of Job Services appeals from a ruling of the district court in a judicial review proceeding which reversed an agency ruling of entitlement of a claimant to unemployment compensation benefits on the basis that the agency lacked jurisdiction. We affirm the district court.

The appellee here, a dentist, had employed Christine M. Stansbarger as a dental assistant. That employment terminated for some reason not disclosed in the record, and she received unemployment compensation benefits under chapter 96, The Code. Unemployment benefits continue only as long as the claimant "is able to work, is available for work, and is earnestly and actively seek-

ing work." Section 96.4(3), The Code. The former employer here contacted the Department of Job Service, contending that the claimant was not at all times eligible for receipt of such benefits. The basis for this challenge was that Ms. Stansbarger had continually received payments during her pregnancy and post-partum recovery period. Job Service then mailed to the claimant a notice requesting her to report to its Clinton, Iowa, office to deal with this request to terminate her benefits. A date and time for the meeting was included, as well as a request for current information as to her availability for work. No response was made to this notification, and the claimant did not appear as scheduled. The date of the scheduled meeting was March 29, 1977. On May 18, 1977, a claims deputy entered the following order denying benefits:

> Evidence on file indicates that proof was never received from a licensed practicing physician that you were able and available for work throughout your pregnancy and that you were released as able and available to work after the birth of your baby. Therefore, benefits are denied effective 04–25–76.

(April 25, 1976 was the date the claimant had entered the hospital for delivery.) A copy of this order was mailed to the claimant, together with a notice that if she desired to appeal the ruling, she must do so in the manner prescribed by section 96.6(2), The Code. The notice stated that:

> *This Decision Shall Become Final,* unless within ten calendar days after the decision was mailed to the last known address, you or any interested party appeal to this Department by submitting either a letter or a written Notice of Appeal directly to the Appeal Section of the Iowa Department of Job Service, 1000 East Grand Avenue, Des Moines, Iowa 50319.

The notice then set forth the form and content of such notice of appeal.

The date of mailing of the May 18 order is not clear in the record. However, the form upon which the order is set out states: "Notification Date if other than Decision

Date," and no other date is shown. We assume therefore that the notice was mailed on the date shown on the order. Neither the claimant nor the appellant here contend that the notice was not mailed on that date.

No notice of appeal was filed as to this order, and on June 21, 1977, a "Notice of Overpayment" was mailed to Ms. Stansbarger advising her that because of the overpayments received by her, she was to repay the Department of Job Services the sum of $1,690.73. Authority for the Department to order such repayment is found in § 96.16(4), The Code. This notice contained the same information as to the time and manner of appeal as was contained in the first notice mailed May 18. It was mailed to the same address as was shown on the first two mailings to the claimant. This notice of overpayment did result in a written response being received from the claimant. In her letter dated June 24, she stated she had not received prior notices of the agency action of May 18 and requested that her letter be considered as an appeal from the determination of overpayment.

Ms. Stansbarger's appeal of this determination of overpayment was held before a hearing officer on July 27, 1977. At the hearing, she testified as follows:

Q. [D]id you receive a copy of the decision of May 18, 1977 [which terminated her benefits]?

A. I don't re—I don't know. I don't recall. I know I didn't—I—I don't think so. I know that I started to receive these but I don't think I received anything like this where it had any explanation because I couldn't figure out why I was receiving this.

Section 96.6(2), The Code, provides for initial determination of matters of entitlement to benefits, the amount and duration thereof, "and whether any disqualification shall be imposed." It further provides that:

> Unless the claimant or other interested party, after notification *or within ten calendar days after such notification was mailed to the claimant's last known ad-*

*dress*, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith. (Emphasis added.)

The appellant Iowa Department of Job Service does not contend the notices were not mailed to the last known address of the claimant, nor that notice of appeal of the May 18 order was given within ten days thereafter. In fact, it is undisputed that no response was ever made to the order and notice. The first response from the claimant was her letter of June 24, 1977 after receiving a notice that she was to repay the amounts overpaid to her.

The claimant, at the administrative hearing, and the appellant Job Services, here, contend that despite the clear language of § 96.6(2) regarding the commencement of the ten-day appeal period, if she did not in fact receive the notice, the appeal period does not run. Three Iowa cases are relied upon to support this contention. They are *Hendren v. Iowa Employment Security Comm.*, 217 N.W.2d 255 (Iowa 1974); *Smith v. Iowa Employment Security Comm.*, 212 N.W.2d 471 (Iowa 1973); and *Eves v. Iowa Employment Security Comm.*, 211 N.W.2d 324 (Iowa 1973).

*Smith* involved the application of § 96.-6(2) under the 1966 Code. This case held that the seven-day period for appeal was insufficient as applied in that case. The statute then provided for a five-day appeal period if the notice was served personally, and seven days if mailed. We said that "[c]learly this was on the theory—reasonable then [at the time of enactment of the statute]—that the notice would arrive in due course within two days of mailing." 212 N.W.2d at 473. The provision requiring appeal within seven days after mailing of notice was not reasonable in view of the "continuing breakdown" in the United States mails. Section 96.6(2) was amended after the *Smith* decision to provide ten days for appeal after mailing of the notice of agency decision. In the instant case, no claim is made that the period for appeal was too short; it is claimed that the appeal time did not start to run because the claim-

ant never actually received the notice advising her of the decision and of her right of appeal. *Smith*, however, is not authority for this position. There, we said:

We do not gainsay the right of the legislature to prescribe notice such as it did in section 96.6(2); nor do we presume to limit its prerogative of determining the length of such notice, assuming it does not offend against basic rules of fairness. *We recognize, too, that notice may be constitutionally sufficient even though not received.* [authority] . . . But the notice provided for must at least be one which is reasonably calculated to accomplish its purpose. (Emphasis added.)

*Id.*

*Eves* is distinguishable because it involved an application of § 96.6(*3*), The Code, which did not prescribe any time limits for providing notice of an appellate hearing, requiring only that the parties shall be afforded "reasonable opportunity for a fair hearing." Further, we said in that case that:

"in the absence of custom, *statute*, estoppel, or express contract stipulation, when a notice, affecting a right, is sought to be served by mail, the service is not effected until the notice comes into the hands of the one to be served, and he acquires knowledge of its contents . . . ." (Emphasis added.)

211 N.W.2d at 327, quoting 66 C.J.S. Notice § 18e, pp. 663–64. We also pointed out in *Eves* that it was conceded that no notice had actually been received. We held that the general rule quoted above, together with the fact that it was conceded that no notice had actually been received, established that the claimant had been denied a "reasonable opportunity for a fair hearing." *Id.*

In *Hendron*, it was conceded that a notice of disallowance, mailed on June 11, 1971, had been misplaced in the post office until July 29, 1971. It was held that under those facts the seven-day notice period commencing with the agency's mailing of the notice deprived the claimant of a "reasonable opportunity to appear and be heard." 217 N.W.2d at 256.

The facts of the present case make it distinguishable from both *Hendron* and *Eves*. Here there is no concession of the fact of non-receipt. Appellant contends that the hearing officer found as a fact in the agency appeal that no notice had actually been received by the claimant and that this finding is binding upon a reviewing court under the principles discussed in *Hoffman v. Department of Transportation,* 257 N.W.2d 22, 25 (Iowa 1977), and § 17A.19(8)(f), The Code (findings of fact are binding if supported by substantial evidence in the record before the agency when the record is viewed as a whole). The problem with this position, however, is that there was no finding by the hearing officer as to the matter of alleged non-receipt of the notice. Appellant contends that such a finding is implicit in the fact that the agency hearing officer proceeded to dispose of the matter on the merits.

 The mere fact that the hearing officer treated the matter on the merits, however, does not justify our indulgence in that presumption. Its action might just as likely be the result of other considerations. It might have failed to make a specific finding on the matter because claimant's right to appeal was never specifically raised. The statute prescribing the time for notice of appeal clearly limits the time to do so. At least in the absence of invalidity as applied to a particular factual situation such as in *Hendron*, compliance with the appeal notice provisions is jurisdictional.

We do not equate the facts of this case to those in either *Eves* or *Hendron*. Basing agency jurisdiction to entertain an appeal upon an implied finding of fact that the claimant had not received notice would amount to an unwarranted extension of the holdings in those cases and would, in effect, ignore the plain wording of section 96.6(2), The Code.

 We hold that the hearing officer lacked jurisdiction to entertain the appeal under section 96.6(2), and that it should have been dismissed.

 The disposition above pertains to claimant's appeal from the initial agency hearing of May 18, 1977, and as to which she failed to make a timely response. After the initial hearing, she received a notice that she owed the Job Service for the overpayments received by her. This notification also advised her of the time and manner of appeal, and she availed herself of this right, in a timely manner. Some issue is raised on appeal here whether the appeal following the notice of overpayment may be used by her to contest the earlier determination, on May 18, that she was not entitled to benefits for the period in question. We hold that it cannot under the facts of this case. The second notice of agency action, the one to which claimant responded, was, in effect, a notice of assessment of the amounts previously determined to be due. The hearing referred to in it was limited to her right to contest the computation of the amount claimed to be owed; it was not to be a hearing to re-litigate the matter of her entitlement to benefits. The second hearing, referred to in the notice of overpayment, was an adjunct to the prior hearing, not a replacement for it. The May 18 order became "final" ten days after notice of it was mailed, under section 96.6(2). It was not subject to being reopened in the context of a later agency hearing on the assessment of the overpayment.

We find no error in the proceedings of the district court.

AFFIRMED.