COMMISSIONER OF LABOR and ARKANSAS
EMPLOYMENT SECURITY DIVISION *v.* Carl
D. PURNELL and PURNELL PROPERTIES, INC.

79-286                                    593 S.W. 2d 157

Opinion delivered January 28, 1980
(In Banc)
[Rehearing denied February 19, 1980.]

*Herrn Northcutt,* for appellants.

*Terry F. Wynne,* of *Bridges, Young, Matthews,
Holmes & Drake,* for appellees.

GEORGE ROSE SMITH, Justice. Joan Johnson, an employee of the appellees, quit her job to move with her husband to another city. When Mrs. Johnson applied for unemployment compensation, the Employment Security Division mailed a Notice of Claim Filed to the employer on June 1, 1971. In accordance with the Division's Regulation 10, the Notice required the employer to return the form to the Commissioner of Labor, with certain information, within seven days from the mailing date of the Notice.

Purnell, the employer, was out of the country on vaca-

tion and knew nothing about the notice until the seven-day period had expired. It was Mrs. Johnson's responsibility to forward mail received at Hot Springs to the Purnell office in Pine Bluff, but her departure kept the notice from being forwarded. As a result of the employer's failure to respond to the notice within the seven days, the employer's contributions under the Employment Security Act were ultimately increased by $1,392.71.

The employer's protest against the increase was denied by the Employment Security Division. The chancellor, in this proceeding brought by the employer for a review of the Division's decision, held that Regulation 10 was so arbitrary as to deny due process of law. The decree directed that the increase in contributions be refunded or credited against the employer's future liability for contributions. This appeal is from that decree.

We emphasize at the outset that whether Mrs. Johnson was or was not disqualified from receiving benefits had no bearing upon the increase in the employer's contribution rate. When the employer returned to the United States and responded to the Notice shortly after the expiration of the seven days, the Division informed him that "there is no provision in the Law for the late return of a claims notice regardless of the reason for such late return." To the same effect is this paragraph in the stipulation of facts in the chancery court:

> The Petitioner's experience rating was increased, not because of the claim filed against it, but because he did not respond to the Notice of Claim within seven (7) days of its mailing.

The increased contribution rate would have been imposed under the regulation even if the postal service had delivered the Notice of Claim after the expiration of the seven days or had never delivered it.

We agree that the regulation is invalid, because due process requires at a minimum that a person be given notice and a reasonable opportunity for a hearing before he is

deprived of his property by state action. *Davis* v. *Schimmel,* 252 Ark. 1201, 482 S.W. 2d 785 (1972). A somewhat similar regulation was held invalid in *Smith* v. *Iowa Employment Security Commission,* 212 N.W. 2d 471 (Iowa, 1973).

We cannot agree with the Commissioner's argument that a 1971 act, reserving to the legislature the right to amend or repeal any part of the Employment Security Law, kept this employer from asserting the deprivation of a vested property right. Ark. Stat. Ann. § 81-1125 (Repl. 1976). Here the loss was not attributable to an amendment or repeal of any part of the act, and in any event a statute cannot withdraw the protection of the due process clause simply by a declaration that no vested right shall arise. Nor is the Commissioner's position sustained by federal and state decisions broadly upholding the validity of employment security statutes. None of the cases cited considered the constitutionality of a regulation such as the one now in issue.

Affirmed.