**Walter BEVEL, Appellee,**

v.

**The CIVIL SERVICE COMMISSION OF the CITY OF DES MOINES, Iowa, Ralph Costanzo, As Chairperson of the Commission; Marsh Houston, as a Commissioner; and Delores Monroe, as a commissioner, Appellants.**

No. 87–1138.

Supreme Court of Iowa.

July 20, 1988.

Nelda Barrow Mickle, City Sol., Des Moines, for appellants.

Arthur C. Hedberg Jr. and Phillip Vonderhaar of Hedberg, Ward, Owens & Vonderhaar, Des Moines, for appellee.

Considered by SCHULTZ, P.J., and CARTER, NEUMAN, SNELL and ANDREASEN, JJ.

SCHULTZ, Presiding Justice.

Des Moines police officer Walter Bevel was suspended for five days by the Police Chief. He appealed his suspension to the Civil Service Commission which dismissed for want of jurisdiction on the ground the appeal had not been filed within the fourteen-day period provided by Iowa Code section 400.20 (1987). The district court concluded that the Commission acted illegally by starting the appeal period the date the chief of police signed the suspension notice, rather than the date Bevel received or was charged with knowledge of the suspension. Accordingly, the district court annulled the Commission's act of refusing jurisdiction. We affirm.

The facts concerning the timeliness of Bevel's appeal to the Commission are undisputed. On February 10, 1987, Bevel was requested by his superiors to designate the five days he would prefer if a suspension were imposed against him. He chose March 15–19 and also notified the department that he would appeal any suspension to the commission.

On February 13, the police chief signed a form notifying Bevel that he was to be suspended. The form was then approved by the city personnel director on February 18 and the city manager on February 19. Until he received the form by mail on February 20, Bevel had not been notified of his suspension.

Bevel filed a written notice of appeal with the Commission on March 2, ten days after he had received the notice of suspension. The city of Des Moines, represented by the city solicitor, filed a special appearance with the commission challenging the timeliness of Bevel's appeal. Section 400.-20 provides that a suspension "may be ap-pealed to the Civil Service Commission within fourteen calendar days after the suspension." The commission determined the suspension occurred on February 13, the date the chief signed the notice. On appeal, the district court noted that the Commission's interpretation reduced Bevel's statutory appeal time to only seven days after he had knowledge of his suspension. It concluded the suspension occurred on the date Bevel received notice and held that his appeal was timely.

Prior to 1986, the police chief was required to make a written report of peremptory sanctions and give the report to designated officials who could affirm or revoke the sanction. *See* Iowa Code § 400.19 (1985). A recent legislative change rendered the additional approvals of the chief's suspension unnecessary. 1986 Iowa Act ch. 1138, § 6. Currently, Iowa Code section 400.19 (1987) provides that the chief of police "may peremptorily suspend, demote or discharge a subordinate then under the ... chief's direction for neglect of duty, disobedience of orders, misconduct, or failure to properly perform the subordinate's duties." Following the amendment the city had not changed its personnel action forms or its employee personnel rules.

The narrow issue here is whether the sanction in section 400.20 (1987) occurs and thereby starts the appeal period when the police chief takes formal action by signing a notice of sanction or when the officer receives the notice. There is no evidence that Bevel had actual notice until he received the suspension in the mail. While he knew there was a possibility of suspension, there is insufficient evidence to show constructive notice on the date the chief signed the form. Neither party contends that the suspension occurred on the date the suspension notice was mailed. The city simply maintains that the suspension began when the chief signed the notice while Bevel maintains the suspension could not have occurred until he received the notice.

Section 400.19 neither specifies the means or procedure for rendering the peremptory sanction nor indicates the effec-

tive time of it. This lack of direction makes it unclear as to how and when the sanction is imposed. This ambiguousness is compounded further by the use of the imposition of sanction as a trigger time for the appeal period. § 400.20.

When the terms of the statute are uncertain, we resort to rules of statutory construction in determining the intention of the legislature. Among things that we may consider are the objects thought to be attained and the consequences of a particular construction. Iowa Code § 4.6(1987). It is the duty of the courts to construe the statutes liberally with a view to promote their objects and assist the parties in obtaining justice. *Brightman v. Civil Service Commission of City of Des Moines*, 171 N.W.2d 612, 615 (Iowa 1969).

We first examine the objects of the imposition of sanction against civil service employees. Chapter 400 provides procedures for the appointment of public employees and sanctions and removal of such employees. As applied to sanction or removal of employees, the primary purpose of the legislation is to protect employees from arbitrary sanctions or discharge by their superiors or elected officials. We no longer tolerate the "spoils system."

Under sections 400.19 and .20 the chief of police is given the power to sanction an employee, however, the employee has the right of appeal to the Civil Service Commission. The legislature gave the employee fourteen days to exercise this right. An untimely appeal deprives the Civil Service Commission of jurisdiction. *Wilson v. Stipp*, 194 Iowa 346, 352, 189 N.W. 665, 667 (1922). To adopt the city's contention that the sanction takes place at a time before the employee has notice or knowledge of the sanction would deprive the employee of all or a part of the appeal time provided by statute. This interpretation, making it more difficult for the employee to exercise appeal rights, would seem to defeat the purpose of the statute. Consequently, interpreting the statutory limitation period to commence when the employee received notice of the sanction would

further the statute's purpose of allowing adequate time to appeal sanctions.

Bevel also argues that the commission's interpretation denied him procedural due process rights guaranteed by the United States Constitution. He maintains that he has a property right in his continued employment as a civil servant and that the city could not deprive him of that property without procedural due process. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972). When there are two possible constructions of an enactment, we adopt the one that will not render the act unconstitutional. *Willis v. City of Des Moines*, 357 N.W.2d 567, 572 (Iowa 1984). Allowing an interpretation that the sanction takes place when the chief of police signs a written notice although the employee is unaware of the sanction would create serious constitutional due process questions. Our interpretation properly avoids this problem.

Our decision today is in keeping with our prior opinions in this area. In *Eves v. Iowa Employment Security Commission*, 211 N.W.2d 324 (Iowa 1973), we set forth the general rule as:

> In the absence of custom, statute, estoppel, or express contract stipulation, when a notice, affecting a right, is sought to be served by mail, the service is not effected until the notice comes into the hands of the one to be served, and he acquires knowledge of its contents, except perhaps in those cases where the party to be notified resorts to some trick or artifice to avoid personal communication to him.

*Id.* at 327 (citing 66 C.J.S. Notice § 18(e), pp. 662–68 at 663–64.)

Generally, the statute of limitations begins to run at a time when a complete cause of action has accrued. *Sandbulte v. Farm Bureau Mutual Ins. Co.*, 343 N.W.2d 457, 462 (Iowa 1984). The discovery doctrine provides that a cause of action does not accrue until plaintiff has discovered that an injury has been suffered or, by the exercise of reasonable diligence, should have been discovered. *Id.* While we do not determine that the discovery

doctrine is applicable to a civil service appeal, we believe the general principles of the doctrine aid us in interpreting this statute.

In summary, we interpret the starting period of the appeal time in section 400.20 to occur when the employee received notice of the sanction. Consequently, we believe the trial court correctly ruled that the Civil Service Commission had jurisdiction to hear Bevel's appeal.

AFFIRMED.