Richard M. BENNETT, Claimant,

and

Roger L. Bennett and Kimberly Stowell, Appellants,

v.

Manley JOHNSON, Fiduciary of the Estate of Charlotte Maxine Johnson, Deceased, Appellee.

No. 91–231.

Court of Appeals of Iowa.

March 24, 1992.

Mark S. Brownlee, Kersten & Carlson, Fort Dodge, for appellants.

Willis J. Hamilton, Hamilton Law Firm, P.C., Storm Lake, and James C. Hudson, Hudson Law Firm, Pocahontas, for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

The issue in this appeal is when the statute of limitations runs on a claim of a remainder person against a life tenant for waste. The trial court found the remainder persons were required to bring the action within five years of the alleged waste and their failure to do so barred their claim. The trial court also rejected the remainder persons' contention they did not discover the waste until the life tenant's death. We affirm.

Claimants-appellants Roger L. Bennett and Kimberly Stowell are children of Charlotte Maxine Johnson. In 1958 claimants' paternal grandparents conveyed Pocahontas County farmland to Charlotte Maxine Johnson for life, with a remainder interest to five of Charlotte's children. Claimants are two of these children. The three other children are not parties to this appeal.

When the property was conveyed, there was a pit on the farm. Charlotte sold gravel from the pit from May 21, 1961 until October 5, 1971. Charlotte died on July 16, 1989. Claimants filed this claim in her estate on December 16, 1989.

## I.

Claimants contend their claim did not accrue until Charlotte died. Claimants contend they were not injured in 1971 because in 1971 they had only a remainder interest in the land. They contend their damage did not occur until their mother died and they were entitled to possession of the property.

This was filed as a claim in probate. Our review is for correction of errors and not de novo. *See In re Estate of Gauch,* 308 N.W.2d 88, 90 (Iowa 1981); *Gwynne v. Vance,* 258 Iowa 875, 877, 140 N.W.2d 917, 918 (1966).

Under the common law, an action for waste or trespass did not begin to run against the remainder person until his or her claim had matured. *See Bottorff v. Lewis,* 121 Iowa 27, 36–37, 95 N.W. 262, 265 (1903); 51 Am.Jur.2d § 14 *Life Tenants and Remaindermen* (1970).

The Iowa legislature has provided in Iowa Code section 658.5:

> The owner of an estate in remainder or reversion may maintain either of the aforesaid actions for injuries done to the inheritance, notwithstanding any intervening estate for life or years.

One of the aforesaid actions provided for in section 658.5 is created by Iowa Code section 658.3 which provides:

> Any person whose duty it is to prevent waste, and who fails to use reasonable and ordinary care to avert the same, shall be held to have committed it.

By virtue of section 658.5 the claimants were authorized to maintain an action for waste when it occurred. *See Murray v. Quigley,* 119 Iowa 6, 13, 92 N.W. 869, 871 (1902). When a statutory provision permits a remainder person to

institute an action to protect his or her title, even if it may only be a contingent interest, it imposes on the remainder person an obligation to bring the action within the statutory period. *See Skelton v. Cross*, 222 Iowa 262, 271, 268 N.W. 499, 504 (1936). Where a remainder person is vested with a right of action by which an interest may be settled and adjudicated, that right comes within the rule of the general statute of limitations and neglect to avail himself or herself of his or her right within the statutory period is an effectual bar to his or her claim for relief. *Nevelier v. Foster*, 186 Iowa 1307, 1312, 173 N.W. 879, 881 (1919).

■ Because statutorily claimants were authorized to sue when waste occurred, the statute began to run immediately on the accrual of the action. Iowa Code section 614.1(4) provides an action for injury to property must be brought within five years. The last time gravel was removed from the property was October 5, 1971, more than eighteen years before the claim was filed. We affirm the trial court on this issue.

## II.

Claimants' next contention is their claim was not barred because they did not learn they had an interest in the property until 1989.

■ Under discovery rules, statutes of limitation do not begin to run until an injured party has actual or imputed knowledge of his or her cause of action. *Beeck v. Aquaslide 'N' Dive Corp.*, 350 N.W.2d 149, 157 (Iowa 1984). A party asserting an exception to the expiration of a limitation period has the burden of proving the exception. *Id.*

■ The discovery rule doctrine provides that a cause of action does not accrue until plaintiff has discovered that an injury has been suffered, or plaintiff, by the exercise of reasonable diligence, should have discovered the injury. *See Bevel v. Civil Serv. Comm'n*, 426 N.W.2d 380, 382 (Iowa 1988). This rule is based on a theory that a statute of limitations should not bar the reme-dy of a person who has been excusably unaware of the existence of a cause of action. *Franzen v. Deere and Co.*, 377 N.W.2d 660, 662 (Iowa 1985).

■ The trial court found a reasonable investigation would have disclosed to claimants the facts of their ownership. We review to determine whether there is substantial evidence in the record to support this finding. A person is charged with knowing on the date of the incident what a reasonable investigation would have disclosed. *See Bevel*, 426 N.W.2d at 382.

The claimants lived on the farm growing up. Their stepfather testified they were parties to conversations discussing their interest in the farm. Claimants knew gravel had been taken from the farm. There is substantial evidence to support a finding that more than five years before this claim was filed claimants knew they had some ownership in the farm and gravel had been taken off it.

There is substantial evidence to support the trial court's findings claimants could have discovered their interests. We affirm the trial court on this issue.

AFFIRMED.