**Arlene A. HENDREN, Appellant,**

v.

**IOWA EMPLOYMENT SECURITY COMMISSION and Garden Motel, Appellees.**

**No. 2–56186.**

Supreme Court of Iowa.

April 24, 1974.

Canning & Sheerer, Waterloo, for appellant.

Walter F. Maley and Lorne M. Boylan, Des Moines, for appellee.

Submitted to MOORE, C. J. and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

PER CURIAM:

This appeal arises out of claimant's administrative pursuit of unemployment compensation benefits. Claimant filed her initial claim for benefits in February 1971. The Employment Security Commission, in a decision dated June 9, 1971, held claimant was disqualified from receiving benefits because she voluntarily left her employment, and separation was not attributable to her employer. A notice of disqualification was mailed to claimant on June 11, 1971.

June 21, 1971, claimant personally contacted the Commission's local office. She there learned for the first time of the adverse decision. Claimant was advised she was precluded from pursuing unemployment benefits because she failed to file a timely appeal within the period prescribed by § 96.6(2), The Code.

July 29, 1971, claimant inquired at the post office concerning the notice of disqualification purportedly mailed to her. She was informed they had a letter for her from the Employment Security Commission which for some unknown reason had not been delivered. The envelope containing the disqualification notice was then stamped by a postal official with the date it was received by claimant.

After exhausting the § 96.6 administrative remedies claimant filed review petition in Black Hawk District Court alleging lack of notice and denial of due process. See §

96.6(9), The Code. The Commission moved for summary judgment. The court, sustaining the motion, found that although claimant had not received notice of disqualification within the appeal period she was nevertheless precluded from proceeding with her claim because her appeal was not timely. Claimant's petition was dismissed and the court costs were taxed against her.

While this appeal stood for submission, we filed Smith v. Iowa Employment Security Commission, 212 N.W.2d 471 (Iowa 1973). In a case presenting stronger facts for the Commission, we there held § 96.6(2) operated unconstitutionally to deprive Smith of his due process right to a reasonable opportunity to appear and be heard. *Id.* at 472. See also Eves v. Iowa Employment Security Commission, 211 N. W.2d 324 (Iowa 1973).

Applying the rationale of *Smith* to the facts in this case requires us to find a denial of due process and reverse with instructions that claimant be afforded the § 96.6 appeal hearing previously denied her.

Our disposition of this appeal moots claimant's contention district court costs were assessed to her contrary to § 96.-15(2), The Code.

Reversed and remanded.