**MIDWEST RECOVERY SERVICES and Tri–State Debt Collection (Assignee), Appellants,**

v.

**Jason COOPER, Appellee.**

**Jason COOPER, Appellee,**

v.

**Robert J. HURLBUTT, Individually; Robert J. Hurlbutt, as President of Midwest Recovery Services; and Robert J. Hurlbutt, as President of Tri–State Debt Collection, Appellant.**

No. 90–74.

Supreme Court of Iowa.

Feb. 20, 1991.

Thomas W. Andrews of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellants.

Gregory L. Kenyon of Stamatelos, Kenyon & McCandless, P.C., West Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

Our discretionary review in this case was granted on condition that appellant establish jurisdiction. In that regard, we must determine whether a motion to amend findings of fact, conclusions of law and ruling, pursuant to Iowa Rule of Civil Procedure 179(b), is appropriate after a district court's ruling on an appeal from a judgment in small claims court. If not, the appeal to this court was untimely and the district court ruling became final. Because we believe Iowa Rule of Civil Procedure 179(b) does not apply in appeals from a small claims judgment, appellants' motion was unauthorized and a nullity. As such, it did not toll the running of the thirty-day period for appeal to this court. The appeal was untimely, and accordingly, we dismiss the appeal.

This appeal, initiated by Midwest Recovery Services (Midwest) and subsequently assigned to Tri–State Debt Collection, originated as small claim no. 165913, seeking treble damages from defendant, Jason Cooper (Cooper), pursuant to Iowa Code section 554.3806(1)(a) (1987).

Midwest, a commercial collections agency located in Des Moines, brought this action against Cooper for ninety dollars, claiming treble damages plus a ten-dollar surcharge. Midwest was the assignee of bank check no. 158 drawn on Cooper's account at the First Interstate Bank of Urbandale, Iowa. The check was written for twenty dollars and negotiated for the purchase of alcoholic beverages and change on March 5, 1988, made payable to the Waveland Coffee Shop. The check was twice dishonored when presented for payment.

Midwest contends that, on or about March 25, 1988, it made written demand upon Cooper for payment of the dishonored check by postage prepaid restricted certified mail. This contention was further corroborated by the uncontroverted testimony of a United States Postal Service representative that Cooper was twice provided deliv-

ery notice that restricted delivery mail was being held at the post office. Cooper failed to appear and claim the demand letter and it was returned marked "Unclaimed."

Cooper, on the other hand, testified that no demand was ever made upon him, regarding the dishonored check, until he was personally served with the small claims action on February 21, 1989. He claims that chapters 537 and 554 of the Iowa Code on the collection of debts were violated by Midwest's failure to make a proper written demand prior to instituting suit and in miscalculating and misrepresenting the statutory damages allowable in its collection of the debt claimed to be owed.

On May 9, 1989, judgment was entered against Cooper in the amount of thirty dollars (twenty dollars for the dishonored check plus the Waveland Coffee Shop's routine ten dollar bad check service surcharge) with interest at ten percent from May 4, 1988. The court also entered judgment against Midwest in the amount of $1000 with interest at ten percent from March 16, 1989, plus Cooper's costs and attorney fees in the amount of $500. Midwest appealed this judgment to the district court.

On October 4, 1989, the district court, sitting as an appellate court, affirmed the judgment of the small claims court and awarded Cooper an additional $500 in attorney fees. The court concluded that Midwest had failed to make proper written demand on Cooper as required by Iowa Code section 554.3806(1)(a), and had further violated article 7 of chapter 537 of the Iowa Code.

On October 12, 1989, Midwest filed a motion to amend the district court's findings of fact, conclusions of law and ruling, pursuant to Iowa Rule of Civil Procedure 179(b), which was denied on November 13, 1989. Midwest subsequently filed another rule 179(b) motion on November 27, 1989, which was also denied.

On December 12, 1989; Midwest filed the present appeal.

Our scope of review in actions at law is for correction of errors at law. Iowa R.App. P. 4; *City of Albia v. Stephens*, 461 N.W.2d 326, 328 (Iowa 1990).

Generally, an unsuccessful litigant's exclusive remedy from error in a district court judgment on appeal from small claims court is by discretionary review of the supreme court pursuant to Iowa Code section 631.16. An application for discretionary review in a civil case must be filed in writing with the clerk of the supreme court within thirty days after the entry of judgment in the district court. Iowa R.App. P. 201. Thus, if discretionary review is the exclusive remedy for district court error on appeal from small claims court, it would follow that the judgment in this case became final when discretionary review was not applied for within thirty days.

This court has previously held that, because Iowa Code chapter 631 contains no express provision for posttrial motions, a motion for new trial is inappropriate in small claims actions. *Barnes Beauty College v. McCoy*, 279 N.W.2d 258, 259–60 (Iowa 1979). Therefore, it is logical that posttrial motions would also be inappropriate after an appeal from a small claims court judgment to the district court.

Chapter 631 was enacted as part of the legislation which established a unified trial court in the state of Iowa. 1972 Iowa Acts ch. 1124, §§ 60–73. The legislative purpose is clear. As part of the unified trial court design, the legislature provided, in what became chapter 631, for a special court to process the suits specified in section 631.1. Included are civil suits involving $2000 or less, certain actions for forcible entry and detainer, and actions of replevin if the value of the property is $2000 or less.

For these small claims actions, the legislature decided that it would be in the public interest to provide a simpler, easier and less expensive procedure than that provided in the district court under the Iowa Rules of Civil Procedure. Pursuant to this chapter, a litigant may bring a small claims action by filing a simple form provided by the clerk of court. Iowa Code § 631.3. The clerk can help fill out the form. Iowa Code § 631.3(2). Also, according to section

631.7(1), no formal written pleadings or motions are required although the court may allow them. All fees and costs required to be paid are paid in advance. Iowa Code § 631.6.

Small claims actions may be tried by a district judge, a district associate judge, or by a judicial magistrate. Iowa Code § 631.2(1). If the court permits a motion, it shall, with one exception, only be heard at the time set for a hearing on the merits. Iowa Code § 631.7(2). The exception, a motion involving third-party practice under Iowa Rule of Civil Procedure 34, has no application here.

The legislature specified that hearings in small claims actions "shall be simple and informal, and shall be conducted by the court itself, without regard to technicalities of procedure." Iowa Code § 631.11(1). While a court reporter is not required, "detailed minutes" of testimony are made by the court at the time of the hearing. Iowa Code § 631.11(3). An appeal to the district court is submitted entirely on the record made in the small claims court, unless, in the opinion of the district court, this record is inadequate. Iowa Code § 631.13(4)(a). In such case, the judge may order additional evidence. *Id.* Furthermore, because hearings in small claims actions are simple and informal, the legislature specified that parties to such actions need not retain an attorney. Iowa Code § 631.14. Even more significant for purposes of this case, Iowa Code section 631.13 contains no express provision for posttrial motions after judgment on appeal from small claims court.

On the basis of the foregoing, we believe that the legislature's omission of any provision for posttrial motions either at the initial hearing or on appeal was deliberate. To provide for such motions would push the process toward formalism, expense and delay in obtaining a final judgment. Moreover, posttrial motions are in direct conflict with the legislature's desire that any party wishing to do so could appear without counsel.

We hold that Midwest's rule 179(b) motion was unauthorized after the district court's ruling on appeal from the judgment in small claims court. Midwest's motion was a nullity and did not toll the running of the thirty-day period for appeal to this court. The appeal was untimely and jurisdiction on appeal was not achieved.

APPEAL DISMISSED.