Joleen HYDE, Appellee,

v.

Alan ANANIA, Appellant.

No. 96–2273.

Supreme Court of Iowa.

May 28, 1998.

Kimberly Pieters Knoshaug of Lewis, Webster, Johnson, Van Winkle & DeVolder, Des Moines, for appellant.

Richard E.H. Phelps II, Mingo, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

LAVORATO, Justice.

Alan Anania did not appeal an adverse small claims judgment against him in a timely manner because the district court clerk did not notify him of the judgment entry. He moved to vacate the judgment, but the small claims court—and later the district court on appeal—refused to entertain the motion. *See* Iowa R. Civ. P. 252(a). Both courts decided they lacked jurisdiction to hear the motion. We granted Anania discretionary review. He contends the district court erred in ruling that the small claims court lacked jurisdiction to consider the motion. He also contends the district court's refusal to vacate denied him due process of law because the clerk did not notify him of the judgment entry. We affirm.

On April 30, 1996, Joleen Hyde filed a small claims action against Anania. Hyde alleged fraudulent misrepresentation and sought both compensatory and punitive damages in connection with her purchase of a motor vehicle from Anania.

Anania appeared pro se and filed an answer denying the allegation. District Associate Judge Thomas W. Mott heard the case and took the matter under advisement.

On June 26 Judge Mott entered judgment against Anania, awarding Hyde $2400 in compensatory damages and $1600 in punitive damages.

The clerk of court did not notify Anania of the judgment until August 8. This was beyond the time for appeal. *See* Iowa Code § 631.13 (1995).

On August 13 Anania, through counsel, filed a motion to vacate or modify pursuant to Iowa Rule of Civil Procedure 252(a). Rule 252(a) allows a court to correct, vacate, or modify a final judgment because of mistake, neglect or omission of the clerk.

Although a hearing was scheduled on the motion, no hearing was held. On September 10 Judge Mott issued a memorandum ruling. Judge Mott held that the small claims court had no jurisdiction to hear Anania's motion to vacate or modify.

On September 17 Anania appealed to the district court. Hyde moved to dismiss the appeal, and Anania resisted.

On December 6 District Judge Joel D. Novak ruled that the small claims court lacked jurisdiction to hear Anania's rule 252(a) motion and affirmed the small claims court decision. The district court also rejected Anania's procedural due process claim.

We granted Anania's application for discretionary review of Judge Novak's ruling. *See id.* § 631.16; Iowa R.App. P. 201.

Anania contends the small claims court had jurisdiction to hear his rule 252(a) motion. Failing this, he contends the district court's refusal to vacate denied him due process because the clerk did not notify him of the judgment entry.

■ On discretionary review of a small claims action, our standard of review depends on the nature of the case. *Roeder v. Nolan,* 321 N.W.2d 1, 3 (Iowa 1982). If the action is a law case, we review the district judge's ruling on error. *Id.* A proceeding to vacate a judgment under rule 252 is an action at law. *Mishler v. Stouwie,* 301 N.W.2d 744, 747 (Iowa 1981). Our review is therefore on assigned errors. *Id.*

### I. The Jurisdictional Issue.

■ With one exception not pertinent here, a small claims court may only hear motions at trial. Iowa Code § 631.7(2) ("Motions, except a motion under rule 34 of the rules of civil procedure, shall be heard only at the time set for a hearing on the merits."). By definition, a "posttrial motion" can only be heard *after* trial. *Schrock v. Iowa Dist. Ct.,* 541 N.W.2d 256, 258 (Iowa 1995); *Barnes Beauty College v. McCoy,* 279 N.W.2d 258, 260 (Iowa 1979). For this reason, we have held that section 631.7(2) prohibits the small claims court from hearing posttrial motions. *See Schrock,* 541 N.W.2d at 258 (holding that small claims court has no jurisdiction to consider motion to set aside judgment pursuant to Iowa Rules of Civil Procedure 256 and 257); *Midwest Recovery Servs. v. Cooper,* 465 N.W.2d 855, 857 (Iowa 1991) (same regarding motion to amend findings of fact and conclusions of law pursuant to Iowa Rule of Civil Procedure 179(b)); *Severson v. Peterson,* 364 N.W.2d 212, 214 (Iowa 1985) (same regarding motion to set aside a judgment pursuant to Iowa Rules of Civil Procedure 252 and 253); *Barnes,* 279 N.W.2d at 260 (same regarding motion for new trial pursuant to Iowa Rule of Civil Procedure 244).

In *Barnes* we noted that for small claims suits "the legislature thought it was in the public interest to provide a simpler, easier, and less expensive procedure than was afforded in district court under the Rules of Civil Procedure." 279 N.W.2d at 259. To prove our point, we noted the simplified procedures in Iowa Code chapter 631 for the trial of small claims cases. *Id.* Based on these simplified procedures, we concluded the legislature's omission of any provision for new trial motions was "deliberate." *Id.* at 260. We went on to say:

Providing such a motion would be a step toward formalism, expense, and delay in obtaining final judgment. And new trial motions are incompatible with the legislature's desire that any party wishing so could appear without counsel.... Determining which, if any, of these often complex grounds [for new trial in rule 244] are present in a case, and preparing an argu-

ment, as required by rule 244, that substantial rights of the litigant have been materially adversely affected would require the skills of an attorney.

... Finally, the appeal to district court under section 631.13 calls for the case to be examined anew. As the small claims court indicated, this right of appeal otherwise provides essentially the same relief as a new trial.

*Id.*

In subsequent cases involving posttrial motions in small claims court, we referred to these same considerations. *See Schrock,* 541 N.W.2d at 258; *Midwest Recovery Servs.,* 465 N.W.2d at 856–57; *Severson,* 364 N.W.2d at 213. As to rule 252 and 253 motions, we said in *Severson:*

We find these same considerations [noted in *Barnes* ] persuasive here and militate against a recognition by us of a proceeding under rules 252 and 253 for vacation of a judgment in small claims court. No hint is given in chapter 631 of any such posttrial motions. Also, because the grounds for vacation of judgment are fairly complex, recognition of such procedure would almost certainly require the assistance of an attorney, a step toward the formalism sought to be avoided in small claims actions. It could, in effect, make a "federal case" out of a small claims action.

364 N.W.2d at 213.

Anania tries to distinguish *Severson.* He points out that in *Severson* the plaintiffs initially defaulted and then moved to vacate the judgment under rules 252 and 253. He argues that the case does not reveal whether the plaintiffs received notice of the judgment in time to file an appeal to the district court. So, he argues, *Severson* provides no guidance or precedent where the ground of the motion is the clerk's failure to provide notice of judgment entry in time for appeal.

The argument must fail. Our case law is clear that the small claims court has no jurisdiction to hear posttrial motions—and more specifically rule 252 motions—regardless of the grounds. It is true that in *Severson,* we noted by way of dictum that a party might have an independent action if the judgment is actually procured by fraud. *Id.* at 213–14. Anania does not claim the judgment

was procured by fraud. In addition, Anania did not file an independent action. Rather, he has proceeded under rule 252(a). The small claims court had no jurisdiction to consider the rule 252(a) motion.

As mentioned, Iowa Code section 631.13(1) governs time for appeal from a small claims judgment:

An appeal from a judgment in small claims may be taken by any party by giving oral notice to the court at the conclusion of the hearing, or by filing a written notice of appeal with the clerk within twenty days after judgment is rendered.... *No appeal shall be taken after twenty days.*

(Emphasis added.) Anania did not appeal from the small claims judgment within twenty days following the entry of judgment. In fact, he never did appeal from that judgment; he only appealed from the small claims court's ruling on the rule 252(a) motion. Because the small claims court had no jurisdiction to consider the rule 252(a) motion, there was nothing for the district court to review regarding that motion.

Anania has a fall-back position. He thinks we should allow him the same slack we allow litigants in the district court where the clerk has failed to serve notice of a judgment entry. Anania has reference to Iowa Rule of Civil Procedure 82(f) (1997) and our case law interpreting rule 252(a) regarding a clerk's failure to serve notice of a judgment entry as rule 82(f) requires. Rule 82(f) provides in relevant part:

Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in this rule upon each party....

... Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the district court to relieve a party for failure to appeal within the time allowed.

This court has held that "a direct appeal, taken at the time notice of the order is received but outside the thirty-day period, is doomed to failure by Iowa Rule of Civil Procedure 82(f)." *Uchtorff v. Dahlin,* 363 N.W.2d 264, 267 (Iowa 1985) (citing *In re*

*Estate of Young*, 273 N.W.2d 388, 391 (Iowa 1978)). This is so even though the reason the party failed to file a timely appeal arose from the clerk's failure to send notice of the entry of the order or judgment. *Id.* at 265 (clerk failed to mail notice of ruling on rule 179(b) motion).

In *Young*, this court provided a way around the harsh consequences flowing from a failure to comply with rule 82(f), holding that a litigant may move to vacate or modify the ruling under rule 252(a), effectively recommencing the time period for appeal. 273 N.W.2d at 391. Rule 252(a) allows the "court [to] correct, vacate or modify a final judgment or order" on the grounds of "[m]istake, neglect or omission of the clerk."

*Young* does not help Anania because as we said the small claims court has no jurisdiction to consider a rule 252(a) motion. We likewise reject Anania's contention that Iowa Code section 631.2(3) provides a basis to hear the rule 252(a) motion.

Section 631.2(3) provides that "[s]tatutes and rules relating to venue and jurisdiction shall apply to small claims, *except that a provision of this chapter which is inconsistent therewith shall supersede that statute or rule.*" (Emphasis added.) Rule 252(a) certainly relates to jurisdiction because as *Young* makes clear a successful rule 252 motion effectively recommences the time period for appeal.

But what the first part of section 631.2(3) gives, the latter part takes away: The italicized language prohibits our applying *Young* because chapter 631 prohibits the small claims court from considering a rule 252(a) motion. Chapter 631—and more specifically section 631.7(2) (prohibiting posttrial motions)—is inconsistent with rule 252(a) and therefore supersedes the rule. Iowa Code section 631.2(1) further supports our conclusion because it requires the small claims court to "determine small claims according to the statutes and the rules prescribed by *this chapter.*" (Emphasis added.) Rule 252(a) is not a rule prescribed by chapter 631.

The district court correctly ruled the small claims court had no jurisdiction to consider Anania's rule 252(a) motion.

## II. *The Procedural Due Process Issue.*

■ Anania raises a procedural due process challenge, although not specifying whether the state or federal due process provision was violated. We assume he is raising a federal procedural due process issue. The federal Due Process Clause, as applied against the states, protects citizens from denial of life, liberty or property without due process of law. U.S. Const. amend. XIV, § 1.

Anania likens his case to *Hendren v. Iowa Employment Security Commission*, 217 N.W.2d 255 (Iowa 1974). In *Hendren*, a claimant who had filed an application for unemployment benefits never received notice that the agency had disqualified her from receiving benefits. The agency had mailed the notice, but for some unknown reason the post office had not delivered it to her. The time for appeal had passed by the time the claimant learned of the disqualification ruling. The district court ruled the claimant had failed to file a timely appeal and for that reason was precluded from proceeding with her claim in the district court. This court held that the claimant was denied due process and reversed and remanded with instructions that the claimant be afforded an Iowa Code section 96.6 appeal hearing. *Hendren*, 217 N.W.2d at 256.

*Hendren* provides no analysis because it relies heavily on *Smith v. Iowa Employment Security Commission*, 212 N.W.2d 471 (Iowa 1973), which does provide analysis. *Smith* presents a factual scenario very similar to that in *Hendren* and holds that "when a hearing is afforded due process demands contestants be given notice thereof sufficient to permit a reasonable opportunity to appear and assert their rights." *Smith*, 212 N.W.2d at 472. The kind of hearing *Smith* refers to is "a meaningful one with a real opportunity to appear and present one's case." *Id.* at 473. The court concludes: "[C]onditions which neither [the agency nor the plaintiff] could control robbed plaintiff of his right anywhere or anytime to dispute the factual determination by which the [agency] denied him benefits under the Iowa Employment Security Law." *Id.* at 474. The court reversed and remanded with instructions that

the plaintiff have the appeal hearing pursuant to Iowa Code sections 96.6(2) and (3) (1966). *Id.*

Although not discussed in *Hendren* or *Smith*, implicit in those decisions is the fact that the Employment Security Law provided no meaningful hearing on the initial determination regarding benefits. Iowa Code section 96.6(2) (1966) simply allowed the agency to make the initial determination based on the claim and protest filed by the employer. The meaningful hearing came at the appeal stage as provided in Iowa Code section 96.6(3) (1966): "[A]n appeal tribunal, after affording the parties reasonable opportunity for *fair hearing,* shall affirm or modify the findings of fact and decision of the deputy." (Emphasis added.)

The claimants in *Hendren* and *Smith* were denied this appeal hearing where they would have had the right to appear and present their claim.

In contrast, Anania had a meaningful hearing in which he was allowed to present evidence and cross-examine witnesses. He had all the due process to which he was entitled. *See City of Cedar Rapids v. Municipal Fire & Police Retirement Sys.,* 526 N.W.2d 284, 291 (Iowa 1995) (holding that procedural due process requires notice and opportunity to be heard).

Moreover, the law is clear that failure to give a party to an action notice of the filing of the judgment entry does not deny the party due process. 46 Am.Jur.2d *Judgments* § 129, at 474 (1994) (citing *Town & Country Drive–In Shopping Ctrs., Inc. v. Abraham,* 46 Ohio App.2d 262, 348 N.E.2d 741, 745 (1975)). The justification for such a conclusion appears to be "that once a trial court properly assert[s] jurisdiction over a party, that party is expected to keep himself informed of the proceedings and judgment rendered in the case." *Id.* § 129, at 474; *cf. Rowen v. LeMars Mut. Ins. Co.,* 347 N.W.2d 630, 637 (Iowa 1984) (holding that entered judgment is not void for lack of notice when case was fully submitted). Another justification for the rule appears to be that

> the recording of a judgment, properly entered and docketed, is notice of what it contains or recites, as well as such facts as might be fairly inferred from its recital,

and such record carries with it constructive notice of the facts in it expressly recited as well as such facts as might be fairly inferred from its recitals.

46 Am.Jur.2d *Judgments* § 130, at 475.

In addition, we find nothing in chapter 631 requiring the clerk to furnish notice of a judgment entry. All that is required is that the clerk "immediately enter the judgment in the small claims docket and district court lien book, without recording." Iowa Code § 631.12 (1995).

We think the reason for not requiring the clerk to give such notice lies in section 631.13. That provision allows a party to appeal "by giving oral notice to the court at the conclusion of the hearing, or by filing a written notice of appeal with the clerk within twenty days after judgment is rendered."

Apparently, the legislature thought the small claims court generally would render a decision upon completion of the case, allowing the party to appeal immediately. In these circumstances, a clerk's notice of entry of judgment would be redundant.

In those circumstances where the court takes the case under advisement and renders a judgment later, the legislature could easily have provided that the appeal time would run from the time *the clerk gives notice of the judgment.* The fact that it chose not to do so leads us to conclude the legislature intended to impose no duty on the clerk to give such a notice.

Contrary to Anania's contention, we do not view rule 82(f) as requiring the clerk to give notice of a small claims judgment. We say this because, as mentioned, section 631.2(1) mandates that the small claims court "determine small claims according to the statutes and the rules prescribed by *this chapter."* (Emphasis added.) Rule 82(f) is not a rule prescribed by chapter 631. So any notion that rule 82(f) may support a due process right to notice of a small claims judgment entry is without merit.

The district court properly rejected Anania's due process claim.

III. *Disposition.*

Because we find no merit in any of Anania's contentions, we affirm.

**AFFIRMED.**