GREATAMERICA LEASING
CORPORATION,
Appellant,

v.

STAR PHOTO LAB, INC., Appellee.

No. 02–0978.

Court of Appeals of Iowa.

Oct. 29, 2003.

Rod Kubat and Randall D. Armentrout of Nyemaster, Goode, Voigts, West, Hansell & O'Brien, Des Moines, for appellant.

William London, Santa Monica, California, pro se, for appellee.

Heard by SACKETT, C.J., and VOGEL and HECHT, JJ.

VOGEL, P.J.

This discretionary review action presents a question of first-impression in Iowa, namely, the validity and enforceability of what is known as a "hell or high water" provision contained in a financing lease agreement. We conclude the provision conforming to Iowa Code section 554.13407 (2001) controls the resolution of this case and therefore reverse and remand for further proceedings.

**Background Facts and Proceedings.**

In July of 1999, Defendant, Star Photo Lab, Inc.,[1] (Star Photo) by its president, William London, negotiated with Unique Business Systems Corporation (UBSC) for the acquisition of certain software and equipment. On July 23, Star Photo entered into a finance lease agreement with First Priority Leasing Company and on August 6, First Priority assigned its rights under the lease to plaintiff, GreatAmerica Leasing Corporation (GreatAmerica).

The lease included a "hell or high water" clause, which provides:

YOU AGREE THAT YOU ARE UN-CONDITIONALLY OBLIGATED TO PAY ALL RENT AND OTHER AMOUNTS DUE FOR THE ENTIRE LEASE TERM NO MATTER WHAT HAPPENS, EVEN IF THE EQUIP-MENT IS DAMAGED OR DE-STROYED, IF IT IS DEFECTIVE OR IF YOU NO LONGER CAN USE IT. YOU ARE NOT ENTITLED TO RE-DUCE OR SET-OFF AGAINST RENT OR OTHER AMOUNTS DUE TO LESSOR OR TO ANYONE TO WHOM LESSOR TRANSFERS THIS LEASE, WHETHER YOUR CLAIM ARISES OUT OF THIS LEASE, ANY STATEMENT BY THE VENDOR, OR ANY MANUFACTURER'S OR VEN-DOR'S LIABILITY, STRICT LIABIL-ITY OR NEGLIGENCE OR OTHER-WISE. THIS LEASE IS A FINANCE LEASE AS DEFINED IN ARTICLE 2A OF THE UNIFORM COMMER-CIAL CODE.

The lease also contains a "waiver of defenses" clause under which the parties agree the equipment is being leased in an "as-is" condition and in which the lessor disclaims all warranties.

On August 12, a GreatAmerica employee contacted Star Photo manager Jeff Day in order to verify the equipment and software had been satisfactorily delivered and accepted. Day informed GreatAmerica the equipment was "delivered in good condition" and that it was "working and . . . acceptable." By that time, Star Photo had had possession of the equipment for one

---

1. Star Photo is a subchapter S corporation.

week. Upon acceptance, GreatAmerica paid UBSC $4234 to finance the lease.

According to London, the software did not function properly from the day it arrived, despite efforts by UBSC to resolve the problems. Nevertheless, Star Photo made nineteen of the required thirty-six monthly payments under the lease and then ceased making payments in March of 2001. This cessation of payments occurred around the same time London personally filed for Chapter 7 bankruptcy protection.

GreatAmerica thereafter instituted a small claims action against Star Photo to collect the unpaid balance of $2829.30 remaining under the lease. The small claims court, applying equitable principles, allowed Star Photo to rescind the contract. It concluded it was inequitable to "expect [Star Photo], with very little bargaining power, should be compelled to honor this lease agreement under the circumstances." The district court summarily affirmed this ruling on judicial review.

GreatAmerica applied for and was granted discretionary appellate review. It contends the district court erred in failing to enforce the lease's hell or high water clause. It further argues that, once Star Photo accepted delivery of the equipment, its obligation under the lease was to make all required payments regardless of any problems with the equipment.

**Scope of Review.**

■ On discretionary review of a small claims action, *see* Iowa Code § 631.16, our standard of review depends on the nature of the case. *Hyde v. Anania,* 578 N.W.2d 647, 648 (Iowa 1998). GreatAmerica's action against Star Photo for damages under the lease was an action at law. As such, we review the judgment of the district court for correction of errors at law. Iowa R.App. P. 6.4.

**Discussion.**

■ In general, a hell or high water clause makes a lessee's obligation under a finance lease irrevocable upon acceptance of the goods, despite what happens to the goods afterwards. *See General Elec. Capital Corp. v. Nat'l Tractor Trailer Sch., Inc.,* 175 Misc.2d 20, 667 N.Y.S.2d 614, 619 (N.Y.1997). Such clauses are common in the commercial leasing industry, and state and federal appellate courts have uniformly upheld their validity. *See Citicorp of N. Am., Inc. v. Lifestyle Communications Corp.,* 836 F.Supp. 644, 656 (S.D.Iowa 1993) (citing cases from at least nine state and federal jurisdictions enforcing hell or high water clauses).

■ As noted, the lease in question here specifically contains a hell or high water provision. In addition to that however, the Uniform Commercial Code also extends such hell or high water protection to all finance leases, whether or not explicitly contained in the agreement. *See* Iowa Code Ann. § 554.13407, cmt 1. (stating the hell or high water protection given to finance leases is "self-executing" and "no special provision need be added to the contract."). Iowa Code section 554.13407 (2001), which reflects the type of hell or high water provision contained in the GreatAmerica lease, provides:

1. In the case of a finance lease that is not a consumer lease the lessee's promises under the lease contract become irrevocable and independent upon the lessee's acceptance of the goods.

2. A promise that has become irrevocable and independent under subsection 1:

a. is effective and enforceable between the parties, and by or against third parties including assignees of the parties, and

b. is not subject to cancellation, termination, modification, repudiation, excuse,

or substitution without the consent of the party to whom the promise runs.

The rationale underlying the validity of a lease provision containing this type of language was set forth in *In re O.P.M. Leasing Services, Inc.*:

> To deny this clause its full force and effect would effectively reconstruct the contract contrary to the intent of the parties, which reconstruction would be impermissible. Moreover, it is a well-settled principle that parties to a contract are given broad latitude within which to fashion their own remedies for breach of contract.... It follows that contractual limitations upon remedies are generally to be enforced unless unconscionable.
>
> . . . .
>
> The essential practical consideration requiring liability as a matter of law in these situations is that these clauses are essential to the equipment leasing industry. To deny their effect as a matter of law would seriously chill business in this industry because it is by means of these clauses that a prospective financer-assignee of rental payments is guaranteed meaningful security for his outright loan to the lessor. Without giving full effect to such clauses, if the equipment were to malfunction, the only security for this assignee would be to repossess equipment with substantially diminished value.

*In re O.P.M. Leasing Serv., Inc.*, 21 B.R. 993, 1006–07 (Bankr.S.D.N.Y.1982) (citations omitted). *See also, Colorado Interstate Corp. v. CIT Group/Equip. Fin.*, 993 F.2d 743, 748 (10th Cir.1993). Accordingly, we follow the uniformity of opinion in other jurisdictions and hold hell or high water provisions, either as specifically contained in a finance lease or as inserted by operation of Iowa Code section 554.13407, are valid and enforceable in the State of Iowa.

■ The GreatAmerica lease is both on its face and by the agreement of the parties a "finance lease," as required by section 554.13407. *See* Iowa Code § 554.13103(1)(g) (defining a finance lease); Iowa Code Ann. § 554.13103, cmt. g (providing the parties to a lease may, by agreement, designate it a "financing lease"). The first prerequisite for the applicability of section 554.13407 is thus satisfied.

■ Next, pursuant to the Uniform Commercial Code, the protection of section 554.13407 only attaches for the lessor "upon the lessee's acceptance of the goods." Iowa Code § 554.13407(1). An acceptance occurs under the Uniform Commercial Code after the lessee has had a reasonable opportunity to inspect the goods and (a) signifies or acts in a way signifying the goods are conforming, and (b) the lessee fails to make an effective rejection of the goods. Iowa Code § 554.13515. In accordance with the Code, the lease agreement contained this language:

> DELIVERY AND ACCEPTANCE OF EQUIPMENT. Upon delivery of the Equipment to the location identified above, You will inspect the Equipment. You authorize Lessor to verify by telephone with Your representative on an Inspection/Verification Certificate, a copy of which will be forwarded to You upon completion by Lessor, the date the Equipment was delivered to You, the serial numbers for the Equipment, that all necessary installation has been completed, that the Equipment has been examined by You and is in good operating order and condition and is in all respects satisfactory to You and that the Equipment is accepted by You for all purposes under this Agreement. You

hereby authorize Lessor to either insert or correct the Lease number, serial numbers, model numbers, beginning date, signature date, and Your name. ONCE YOU SIGN THIS LEASE AND LESSOR ACCEPTS IT, THIS LEASE WILL BE NONCANCELLABLE FOR THE FULL LEASE TERM.

Here, acceptance was accomplished by virtue of the August 12 conversation between the GreatAmerica employee and Star Photo manager Jeff Day in which Day confirmed both delivery of the goods and their acceptability. This conversation was memorialized by a written "Equipment Inspection/Verification Certificate." In addition, there was no "effective rejection of the goods." *See* Iowa Code § 554.13509 ("Rejection of goods is ineffective unless it is within a reasonable time after tender or delivery ... and the lessee seasonably notifies the lessor.").

Having determined this was a finance lease and the equipment was accepted by the lessee, Star Photo had no right to cease payments under the lease despite any dissatisfaction with the performance of the software and equipment. *See* Iowa Code § 554.13407(1)(b) (providing the lease "is not subject to cancellation, termination, modification, repudiation, excuse, or substitution"). Hence, even though Star Photo may have encountered problems with the equipment, it is without a remedy against GreatAmerica. *See* Iowa Code Ann. § 554.13407, cmt. 5 (noting, however, that a lessee in Star Photo's position may have a right of recovery against the manufacturer or supplier of the goods). In short, its payment obligation continues "come hell or high water."

Accordingly, because Star Photo's obligations to GreatAmerica were unconditional and irrevocable under both the lease and the Uniform Commercial Code, the district court erred in rescinding the contract based on equitable principles. Because of the protections extended by the hell or high water clause, the court erred in failing to find the lease controlling under the facts of this case. We therefore reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**