MANSFIELD, Justice
(concurring in part and dissenting in part),
I agree .with Parts III.B, D, and E of the court’s opinion. I dissent from Part III.A for the reasons stated in my concurrence in part and dissent in part in De Stefano v. Apts. Downtown, Inc., 879 N.W.2d 155, 192 (Iowa 2016) (Mansfield, J., concurring in part and dissenting in part). I also dissent from Part III.C for the following reasons.
In this case, the tenants occupied the apartment from August 5, 2010, to July 30, 2012. The lease here, like the lease in De Stefano, required the tenants to pay for damage to doors unless the landlord was at fault. Midway through the tenancy, in July 2011, the landlord conducted a routine maintenance inspection and found that an interior bathroom door was coming apart, allegedly because it had been kicked. The landlord replaced the door and charged the tenants $199.33. The tenants objected to the charge. The landlord provided -a photograph showing the damage. The dispute was never resolved, and the cost of the door plus' late fees was ultimately deducted from the tenants’ security deposit when they moved out a year later.
At trial there was conflicting testimony as to whether this bathroom door had been damaged. The tenants said one thing; the landlord’s representatives said another. The small claims court found it unnecessary to resolve that dispute. It determined the deduction from the security deposit was improper in any event because
[t]he evidence. presented by Defendant Apartments' Downtown, Inc. regarding the damage to the bathroom door, was insufficient to prove that the problems with the door, if any, were caused by the Plaintiff, another tenant, or a guest or visitor of the Plaintiff or other tenants.
It also found that the lease improperly required “the tenant to make all repairs to all doors, no matter what the cause.”
These portions of the small claims court’s ruling were quoted verbatim in the district court’s ruling. However, the district court went further. It added that “[the small claims court] also clearly did not find credible the testimony offered by Defendants.... that there was damage to the ■ bathroom door.” Thus, the district court stated, “There is not sufficient evidence in the record to show that actual damage was sustained by Defendant based on the claimed damage to the door.”
I disagree with the small claims court’s interpretations of the lease and landlord-tenant law, as described above. Read in context, the lease does not impose strict liability on tenants for all door repairs, regardless of the reason for the repair, nor did the landlord ever argue for that interpretation. Paragraph 30 makes the tenants responsible for “all damages” to the apartment doors, “including- random acts of vandalism.” Paragraph 33(a) makes the *477 tenants responsible for “the cost of all damages/repairs” to doors, “regardless of whether such damage is caused by residents, guests or others,” but not if the landlord was “negligent.” Under a plain reading of these provisions, I think the tenants are responsible .only for “damages” — e.g., a door that breaks because it is kicked — not for ordinary wear and tear or deterioration due to the passage of time. True, the word “repairs” is used once, but only when joined to the word “damages,” in a sentence that refers again later to “damages.” So, I do not think the lease requires the tenants to replace a door that simply wears out without being damaged by anybody!
Under the Iowa Uniform Residential Landlord and Tenant Act (IURLTA), a tenant can be required to béar the tost of interior door damage that occurs during the tenancy, even if it is unclear who inflicted the damage. Unlike the exterior door in De Stefano, this is not a question of habitability. Therefore, I do not believe Iowa Code section 562A.15 (2011) even applies. Rather, the relevant provision is section 562A.9, which allows the landlord and tenant to “include in a rental agreement, terms and conditions not prohibited by this chapter or other rule of law.” Iowa Code § 562A.9(1). It is certainly reasonable, in my view, for a tenant to be required to pay for the wrecking of an interior door during the lease term, without requiring the landlord to prove who wrecked the door.
The majority nonetheless affirms the tenant’s recovery of the door-repair charges here for two reasons. First, it faults the landlord for making only the broader argument that it- could charge the door-repair costs to the tenants whether the issue was one of habitability or not, i.e., the argument the court rejects today in De Stefano. In the majority’s view, to preserve error, the landlord also needed to make the narrower argument that it could charge the door-repair costs in this case because there was no issue of habitability. My colleagues have a'point, but the landlord did not have the' benefit of De Stefano until now. In deciding appeals, we often do not accept an appellant’s argument in its entirety, but only 'under terms we set forth in our decision. See State v. Iowa Dist. Ct., 828 N.W.2d 607, 617 n. 7 (Iowa 2013). I would follow .that approach here.
In addition, the majority upholds the district..court’s factual finding that the landlord did not prove actual damage to the door. I agree that the district court’s factual findings based upon its review of the small claims record should be upheld if supported by substantial evidence. See Hyde v. Anania, 578 N.W.2d 647, 648 (Iowa 1998) (“If the [small claims] action is a law case, we review the district judge’s ruling on error.”). However, in this case, the district court appears not so much to have made ¿'finding as to have misread what the small claims court actually'did. Contrary to the district court’s statement, the small claims court did not determine there was insufficient credible evidence of door damage; rather, it declined to address the issue because it did not need to. Thus, it remains an open - question for me whether the bathroom door was, in fact, damaged as alleged by the landlord. I would remand for a determination of that issue.
For the foregoing. reasons, I concur in part and dissent in part.
WATERMAN and ZAGER, JJ., join this concurrence in part and dissent in part.